|   |   |
|---|---|
| 1 | **UNITED STATES DISTRICT COURT** |
| 2 | **DISTRICT OF NEVADA** |

| Ariel Rivera, | Case No.: 2:19-cv-00961-JAD-BNW |
|---|---|
| Plaintiff | |
| v. | **Screening Order** |
| James Dzurenda, et al., | [ECF No. 22] |
| Defendants | |

Plaintiff Ariel Rivera brings this civil-rights action under 42 U.S.C. § 1983, claiming that his rights under the Americans with Disabilities Act ("ADA") were violated and that he experienced medical malpractice and emotional distress when he was incarcerated by the Nevada Department of Corrections ("NDOC"). Because Rivera applies to proceed *in forma pauperis*,[1] I screen his complaint under 28 U.S.C. § 1915A. I find that he has not pled any colorable claims, so I dismiss the complaint with leave to amend.

## Background

### A. Plaintiff's factual allegations[2]

Rivera was an inmate at Nevada's Lovelock Correctional Center ("LCC") and Southern Desert Correctional Center ("SDCC"). He alleges that "the NDOC is a joke." He blames James Dzurenda and alleges that Dzurenda was not "using" inmates properly. Rivera was placed on a "medical hold for something that didn't happen at a camp or a prison." He does not explain what the medical hold was or why he was placed on the medical hold. He concludes that "Medical

---

[1] ECF No. 3.

[2] These facts are taken from the plaintiff's allegations and are not intended as findings of fact.

has too much power and they suck." He further states that "Just because we are in the custody of the state that does not allow Medical to hold us for nothing." Rivera concludes that this denies inmates a proper and safe place to rehabilitate, violating the ADA.[3]

Rivera also alleges that he was sent to the hole at LCC for refusing medication that he did not need. The nurses were trying to force him to sign and take medications. When he refused, Dr. Kim Adamson said he was holding Rivera for his safety and security. Rivera was in the hole for two months with no Medical at all. He was then cleared to take a two-day bus ride with no Medical. He also appears to allege that he had no call button or Medical at SDCC. Plaintiff concludes that this was medical malpractice and violated the ADA.[4]

Rivera further states that he was being forced to be around child molesters for no reason and thrown in the hole for not taking medications, but he will not be threatened by anyone. He heard nurses saying to get Rivera to sign something that the doctor needed signed. He concludes that this is medical malpractice and distress.[5]

**B.  Plaintiff's causes of action**

Based on these allegations, Rivera sues NDOC Director James Dzurenda, Governor Steve Sisolak, Attorney General Aaron Ford, Warden Jerry Howell, and Warden Rene Baker.[6] He alleges multiple ADA violations and state-law violations.[7] Rivera seeks monetary damages and injunctive relief.[8]

---

[3] ECF No. 1-1 at 4.
[4] *Id.* at 5.
[5] *Id.* at 6.
[6] *Id.* at 1–3.
[7] *Id.* at 4–6.
[8] *Id.* at 9–10.

**Discussion**

A.  **Screening standard**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity.[9] In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous or malicious, or that fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.[10] All or part of the complaint may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis in law or fact. This includes claims based on legal conclusions that are untenable, like claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist, as well as claims based on fanciful factual allegations or fantastic or delusional scenarios.[11]

Dismissal with prejudice for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.[12] In making this determination, the court takes all allegations of material fact as true and construes them in the light most favorable to the plaintiff.[13] Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers,[14] but a plaintiff

---

[9] *See* 28 U.S.C. § 1915A(a).

[10] *See* 28 U.S.C. § 1915A(b)(1)(2).

[11] *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

[12] *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

[13] *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

[14] *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (recognizing that pro se pleadings must be liberally construed).

must provide more than mere labels and conclusions.[15] "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations."[16] "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[17]

**B.    Analysis of Rivera's claims**

*1.    ADA Claims*

The ADA[18] applies in the prison context.[19] Under the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."[20] To state a claim for disability discrimination under the ADA, a plaintiff must allege four elements: (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was because of the plaintiff's disability.[21]

---

[15] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[16] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).
[17] *Id.*
[18] 42 U.S.C. § 12132.
[19] *Armstrong v. Schwarzenegger*, 622 F.3d 1058, 1063 (9th Cir. 2010).
[20] 42 U.S.C. § 12132.
[21] *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).

"Disability" is defined by the ADA as: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (c) being regarded as having such an impairment."[22] An individual meets the third test of "being regarded as having such an impairment" if he establishes that he has been subjected to a prohibited action because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity.[23] This third test for disability necessarily is premised on there being a prohibited action.

"The ADA prohibits discrimination because of disability, not inadequate treatment for disability."[24] "Courts hold that allowing prisoners to utilize the ADA as a cause of action for not receiving medical treatment is simply making 'an end run around the Eighth Amendment.'"[25] Therefore, in the context of prison medical care, a plaintiff does not state a colorable ADA claim merely by alleging a lack of adequate medical treatment or negligence or deliberate indifference to serious medical needs.

So, Rivera's allegations that Defendant Dzurenda is not providing a safe and proper place for inmates to rehabilitate does not state a colorable ADA claim. Rivera's allegations of inadequate medical care also are not sufficient to state an ADA claim. Rivera has not alleged facts sufficient to show that he is disabled and has not alleged facts sufficient to show that

---

[22] 42 U.S.C. § 12102(2).

[23] 42 U.S.C. § 12102(3)(A); *Nunies v. HIE Holdings, Inc.*, 908 F.3d 428, 434 (9th Cir. 2018).

[24] *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1022 (9th Cir. 2010); *see also Marlor v. Madison County Idaho*, 50 Fed. App'x 872, 874 (9th Cir. 2002) (holding that inadequate medical care does not provide a basis for an ADA claim unless medical services are withheld due to discrimination on the basis of disability).

[25] *King v. Calderwood*, 2:13–CV–02080–GMN, 2015 WL 4937953, at *2 (D. Nev. Aug. 19, 2015) (citing *Deeds v. Bannister*, 3:11–CV–00351–LRH, 2013 WL 1250343, at *5 (D. Nev. Jan. 8, 2013); *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996)).

Defendants denied him medical services *because* of a disability. So, I dismiss the ADA claims because Rivera has not stated one.

It seems unlikely that Rivera can state an ADA claim. However, because Rivera has not clearly explained the factual basis for his claims, it is not entirely clear that it is impossible for him to state an ADA claim. Therefore, out of an abundance of caution, I dismiss the ADA claims without prejudice and with leave to amend. If Rivera chooses to amend his ADA claims, he must <u>allege</u> <u>facts</u> sufficient to show that he is disabled and that the defendants discriminated against him <u>because</u> of that disability. Merely alleging that he did not receive proper medical care or rehabilitation will <u>not</u> be sufficient.

It is also possible that Rivera is attempting instead to bring an Eighth Amendment claim based on these ADA-related allegations. Inmates do not have independent constitutional rights to rehabilitation programming or to any particular classification or to housing at any particular prison, prison unit, or location.[26] Thus, it seems more likely that the Eighth Amendment, rather than the ADA, may apply here. So, I provide Rivera with the relevant law relating to Eighth Amendment claims for deliberate indifference to serious medical needs and unsafe conditions of confinement. Although the allegations in the complaint do not state a colorable Eighth Amendment claim, it may be that Rivera can state one in an amended complaint. If Rivera amends the complaint to include Eighth Amendment claims, his amended complaint need not and should not allege law or legal conclusions. Rather, Rivera should use the legal standards explained below to determine who, if anyone, he should sue for Eighth Amendment claims and what true <u>facts</u> he should allege in any such claim. I note that Rivera unnecessarily has filed

---

[26] *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976).

many documents with the court, apparently for purposes of providing the court with evidence.[27] Rivera will be given the opportunity to provide relevant and admissible documentary evidence at the proper time and in the proper manner. But, that cannot happen unless and until he files an amended complaint that alleges facts sufficient to state a colorable claim.

### a. *Deliberate indifference to serious medical needs*

A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate.[28] "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference."[29]

To establish the first prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain."[30] To prove the second prong, a plaintiff must prove that the prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."[31] Thus, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical

---

[27] *See, e.g.,* ECF No. 8, 10, 11, 13, 15, 16, 17, 18.

[28] *Farmer v. Brennan*, 511 U.S. 825, 828 (1994).

[29] *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012).

[30] *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted).

[31] *Farmer*, 511 U.S. at 837; *see also Peralta v. Dillard*, 744 F.3d 1076, 1086 (9th Cir. 2014) (en banc).

7

malpractice does not become a constitutional violation merely because the victim is a prisoner."[32] Even gross negligence is insufficient to establish deliberate indifference to serious medical needs.[33] In addition, when a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay led to further harm.[34]

However, prison officials who know of a substantial risk to an inmate's health and safety are liable only if they responded unreasonably to the risk, even if the harm ultimately was not averted.[35] A defendant is liable under 42 U.S.C. § 1983 "only upon a showing of personal participation by the defendant."[36] "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under [§]1983."[37] "A showing that a supervisor acted, or failed to act, in a manner that was deliberately indifferent to an inmate's Eighth Amendment rights is sufficient to demonstrate the involvement—and the liability—of that supervisor."[38] "Thus, when a supervisor is found liable based on deliberate indifference, the supervisor is being held liable for his or her own culpable action or inaction, not held vicariously liable for the culpable action or inaction of his or her subordinates."[39]

---

[32] *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

[33] *See Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).

[34] *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (holding that "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference").

[35] *Farmer*, 511 U.S. at 844.

[36] *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

[37] *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (holding that "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

[38] *Starr v. Baca*, 652 F.3d 1202, 1206-07 (9th Cir. 2011).

[39] *Id.* at 1207.

Therefore, "a plaintiff may state a claim against a supervisor only for the supervisor's own deliberate indifference that causes the plaintiff harm."[40] So Rivera cannot hold wardens or the attorney general or the governor liable for § 1983 claims merely because of the positions they hold. Because the complaint does not allege any facts concerning any of the defendants, the complaint does not state a colorable Eighth Amendment claim for deliberate indifference to serious medical needs against any of the defendants.

### b. Deliberate indifference to unsafe prison conditions

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones.[41] The "treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."[42] The Eighth Amendment imposes duties on prison officials to take reasonable measures to guarantee the safety of inmates.[43]

However, mere negligence is insufficient to show violations of these duties.[44] To establish violations of these duties, the prisoner must establish that the prison official was deliberately indifferent to serious threats to the inmate's safety.[45] To demonstrate that a prison official was deliberately indifferent to a serious threat to the inmate's safety, the prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial

---

[40] *Id.*
[41] *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).
[42] *Helling v. McKinney*, 509 U.S. 25, 31 (1993).
[43] *Farmer*, 511 U.S. at 832.
[44] *Id.* at 835–36.
[45] *Id.* at 834.

risk of serious harm exists, and [the official] must also draw the inference."[46] In addition, plaintiffs alleging deliberate indifference must also demonstrate that the defendant's actions were both an actual and proximate cause of their injuries.[47] Merely being imprisoned with inmates who have been convicted of violent offenses or sexual offenses is not sufficient to constitute an Eighth Amendment violation. To state a colorable deliberate-indifference-to-safety claim, Rivera must show that an inmate posed a danger to him, that a specified defendant believed this, that the particular defendant nevertheless failed to protect Rivera from that inmate, and that Rivera was injured as a result.

Furthermore, as with any § 1983 claim, a defendant may be held liable only upon a showing of personal participation by the defendant.[48] So, for each defendant, Rivera must allege true facts sufficient to show that the particular defendant was deliberately indifferent to his safety and caused his injuries. Thus, Rivera cannot hold wardens or the attorney general or the governor liable for deliberate indifference to unsafe conditions in § 1983 claims merely because of the position they hold. Because the complaint does not allege any facts concerning any of the defendants, the complaint does not state a colorable Eighth Amendment claim for deliberate indifference to unsafe conditions against any of the defendants.

### 2. *Rivera's state-law claims belong in state court.*

Rivera appears to be trying to allege state-law tort claims such as medical malpractice and infliction of emotional distress. NRS 41.0337 provides that no Nevada state tort action may be brought against a person who is named as a defendant solely because of an act or omission

---

[46] *Id.* at 837.

[47] *Lemire v. California Dep't of Corr. & Rehab.,* 726 F.3d 1062, 1074 (9th Cir. 2013).

[48] *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

10

relating to the public duties or employment of an officer or employee of the state or political subdivision <u>unless</u> the state or appropriate political subdivision is "named a party defendant under NRS 41.031." Thus, the State of Nevada is an indispensable party in such a tort claim.[49] However, the State of Nevada has not waived its Eleventh Amendment sovereign immunity and therefore may not be sued in federal court for a state law tort claim.[50] So, any tort claims Rivera seeks to bring based on the facts alleged in the complaint must be brought in state court, not federal court.[51] I therefore dismiss all of Rivera's state tort-law claims, including claims for medical practice and emotional distress, without prejudice and without leave to amend. If Rivera wishes to bring these claims against state employees, he must file them in state court.

## C. Leave to amend

By this order, I have dismissed the complaint and given Rivera leave to amend the federal claims only. If Rivera chooses to file an amended complaint, he is advised that an amended complaint replaces the original complaint, so the amended complaint must be complete in itself.[52] Rivera may not amend the complaint to add unrelated claims against other defendants.

---

[49] *Cf. Craig v. Donnelly*, 439 P.3d 413, 415 (Nev. App. 2019) (holding that court was required under NRS 41.031 and NRS 41.0337 to dismiss state tort claims because plaintiff had not included the State of Nevada as a defendant); *see also Nunnelley v. Douglas Cty.*, 622 F. Supp. 124, 126 (D. Nev. 1985) (indicating that, under NRS 41.031, county that employed alleged tortfeasor was indispensable party).

[50] *See O'Connor v. State of Nev.*, 686 F.2d 749, 750 (9th Cir. 1982) (recognizing that, under the Eleventh Amendment, a state or its agencies cannot be sued in federal court without the state's consent and Nevada explicitly has refused to waive its Eleventh Amendment immunity).

[51] *See Hirst v. Gertzen*, 676 F.2d 1252, 1263–65 (9th Cir. 1982) (holding that, where Montana state law deemed governmental entity to be an indispensable party in any negligence action brought against its employee, the federal court had no supplemental jurisdiction over the state law claim if it had no jurisdiction over the indispensable party); *Nunnelley v. Douglas Cty.*, 622 F. Supp. 124, 126 (D. Nev. 1985) (absent federal jurisdiction over county, the federal court had no jurisdiction over county on the supplemental state claims).

[52] *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an

In addition, an amended complaint cannot include claims based on events that took place after Rivera filed the complaint in this action. Rivera must file the amended complaint on this court's approved prisoner civil-rights form, and it must be entitled "First Amended Complaint." Rivera must follow the instructions on the form. He need not file documents as evidence when he files the amended complaint; when screening any amended complaint to determine whether Rivera states a claim, I will consider the factual allegations in the amended complaint and will not sift through documents to determine if Rivera possibly could state a claim. In each count, Rivera must <u>allege</u> true <u>facts</u> sufficient to show what <u>each</u> defendant did to violate a specified right. **Rivera must file the amended complaint by May 7, 2020.** In the meantime, I defer consideration of Rivera's application to proceed in forma pauperis.

**D.     Motion to extend copy work limit [ECF No. 22]**

Finally, Rivera has filed a motion to extend the copy work limit, stating that he has no money for copies to continue litigating this case.[53] An inmate has no constitutional right to free photocopying,[54] and under NDOC administrative regulation 722.01(7)(D), inmates "can only accrue a maximum of $100 debt for copy work expenses for all cases, not per case." In this district, courts have found that they can order a prison to provide limited photocopying when it is necessary for an inmate to provide copies to the court and other parties.[55]

---

amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that, for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal).

[53] ECF No. 22.

[54] *Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991).

[55] *See Allen v. Clark Cnty. Det. Ctr.*, 2:10-CV-00857-RLH, 2011 WL 886343, *2 (D. Nev. Mar. 11, 2011).

As I have noted above, Rivera already has filed multiple unnecessary documents in this case. At this point, he has little, if any, need to make copies. This case is still in the screening stage, he has not stated a colorable claim, and I am providing him with a complaint form to use if he chooses to file an amended complaint. Any amended complaint should be based on factual allegations on that form. So, I see no need for Rivera to make copies at this time. Therefore, I grant the motion to extend the copy limit, but extend that limit only by $2.00. If Rivera continues to use his resources to file unnecessary documents with the court, I will not look favorably on any future requests to further extend his copy limit.

## Conclusion

IT IS THEREFORE ORDERED that the Clerk of the Court is directed to **FILE** the complaint (ECF No. 1-1) and **SEND** plaintiff the approved form for filing a § 1983 prisoner complaint, instructions for the same, and a copy of his original complaint (ECF No.1-1).

IT IS FURTHER ORDERED that the Motion to Extend Copy Work Limit **[ECF No. 22] is GRANTED** in part; **NDOC is directed to increase Rivera's copy work limit by Two Dollars.**

IT IS FURTHER ORDERED that:

- The state law claims, including the medical malpractice and emotional distress claims, are DISMISSED without prejudice and without leave to amend;

- The ADA claims are DISMISSED without prejudice and with leave to amend by May 7, 2020;

If plaintiff chooses to file an amended complaint, he must use the approved form and he must write the words "First Amended" above the words "Civil Rights Complaint" in the caption. The amended complaint will be screened in a separate screening order, and <u>the screening process</u>

<u>will take many months</u>.  **If plaintiff does not file an amended complaint by May 7, 2020, this action will be dismissed with prejudice for failure to state a claim.**

Dated: April 7, 2020

                                                                       _____
                                                                       U.S. District Judge Jennifer A. Dorsey